## KENNEDY v. WILLIAMS.

1 MINOR.—A SUMMONS and complaint in a suit by a parent must be served on his minor child, defendant, but not on the parent.
2. RES JUDICATA—TRUSTEE.—The order appointing a trustee who failed to qualify is construed by a subsequent one appointing his successor, and under this as construed the clerk had the power to execute the deed ordered by the Court. .

Before TOWNSEND, J., Kershaw, September, 1900. Affirmed.

Action for possession of land by Alfred E. Kennedy, Josephine E. Cureton and Annie K. McDowall against David R. Williams, jr., trustee, Sallie K. Winkler, E. D. Blakeney, A. K. Blakeney, Lilian M. Blakeney and E. Miller Boykin. From judgment for defendant, Williams, plaintiffs appeal.

*Mr. T. J. Kirkland,* for appellant, cites : *As to service on minors:* Code, 155, sub. 2, 159; 57 S. C., 551. *Payment of purchase money to another than one designated by order, is no payment:* 39 S. C., 537; 9 Rich. Eq., 392; 15 S. C., 164; 13 S. E. R., 195. *Recitals in Mrs. C—'s deed bind her dcvisee:* 38 S. C., 383.·

*Mr. J. T. Hay,* contra, cites: *Judgments are presumed to be based on proper proceedings:* Riley Eq., 110; 24 S. C., 398; 18 S. C., 602; 24 S. C., 503. *Service on parent of minor in suit of parent is not required:* Code, 160; 35 S. C., 404; 45 Miss., 374; 31 S. W. R., 139; 51 Cal., 615. *Mere irregularity does not effect jurisdiction:* 56 S. C., 96. *Whether Mrs. C— paid to trustee without proper qualification cannot be inquired into here:* 58 S. C., 134. *Presumption is that clerk did his duty and took the bond:* 5 Rich., 534; 24 S. C., 503; 11 Rich. Eq., 572. *Wrong will not be imputed to the Court:* 57 S. C., 559. *If fund is lost, purchaser cannot be made to suffer:* 3 Rich. Eq., 7; 12 Vesey, 89; Bail. Eq., 471; 1 N. & McC., 408; 1 McC., 187; 2 DeS., 375.

March 6, 1901. The opinion of the Court was delivered by

MR. JUSTICE GARY. The facts of this case are thus stated in the decree of his Honor, the Circuit Judge:

"This is an action brought by the plaintiffs against the defendant, David R. Williams, jr., to recover the possession of the real estate, described in the complaint. Being an action at law, it was at issue as a case to be tried by a jury; but trial by jury was duly waived by all parties, and the question of title, involving questions of fact and law thereon, was submitted to the Court, all other questions raised in the pleadings being reserved. By agreement, the complaint was amended by making David R. Williams, as trustee as well as individually, a party defendant. The plaintiffs claim that the title to the real estate in controversy, is in them, and in the defendants, Sallie K. Winkler, E. D. Blakeney, A. K. Blakeney and L. M. Blakeney, as tenants in common. The plaintiffs and the defendant, Sallie K. Winkler, are the children of Mrs. E. C. Kennedy, and the other defendants, E. D. Blakeney, A. K. Blakeney and L. M. Blakeney, are the husband and children of Lillian Blakeney, a deceased daughter of the said Mrs. E. C. Kennedy. David R. Wil-

liams, trustee, defendant, answered, denying the title set up in the complaint, and alleging title in himself by reason of conveyance of the premises, by order of this Court, in a cause entitled John D. Kennedy and Elizabeth, his wife, against Ann C. Kennedy *et al.,* made to Mary B. Chestnut and a devise of such premises by Mary B. Chestnut to said defendant. It appears from the evidence submitted to me, and I find that the lands described in the complaint were devised by Joseph Cunningham to his daughter, Elizabeth, for life, and after her death to the issue of her body living at the time of her death; that said Elizabeth intermarried with John D. Kennedy; that on the 31st day of August, 1872, said John D. Kennedy and Elizabeth, his wife, instituted an action in this Court, to which action Ann C. Kennedy (now known as Annie K. McDowall), Sallie D. Kennedy (now known as Sallie K. Winkler), Elizabeth McM. Kennedy (subsequently known as Lillian Blakeney and now deceased), and Alfred E. Kennedy, then the only children of said Elizabeth Kennedy, and remaindermen under the will of Joseph Cunningham, were made parties; that the summons and complaint in that action were personally served on said defendants; that a guardian *ad litem* was appointed by the Court for said minor defendants, and answered for them; that the object of this action was to secure the authority of this Court to sell to Mary B. Chestnut the premises described in the complaint; that after proper proceedings had in this Court, an order was made by this Court in the cause, by which C. Shiver, then clerk of the Court, was ordered, as special referee, to convey the lands to said Mary B. Chestnut, and said Mary B. Chestnut was directed to pay therefor to a trustee named in said order, $1,000 in cash, and to give a bond in the further sum of $1,000 to the trustee named; that A. D. Kennedy was appointed trustee by said order, but upon his refusal to accept the trust, A. M. Kennedy was by subsequent order appointed trustee in his stead; that on the 1st day of January, A. D. 1873, the said C. Shiver, special referee, did, in pursuance of the order of the

Court, by proper deed, signed, sealed and delivered, convey the premises described in the complaint to Mary B. Chestnut; that said Mary B. Chestnut paid the cash portion of the purchase money and entered into security for the deferred payment, which was duly paid; that all of these payments were made to A. M. Kennedy, trustee, as required by order of the Court; that said Mary B. Chestnut devised the premises to David R. Williams, the defendant, as trustee; that Josephine E. Cureton is a daughter of Elizabeth, and John D. Kennedy, and was born in 1876, after the proceedings above recited; that Elizabeth Kennedy died in 1876; that J. D. Kennedy died in 1897; that A. M. Kennedy, the trustee, died in 1892, insolvent, and that Mrs. Mary B. Chestnut is dead."

The Circuit Judge, for the reasons hereinafter set forth, dismissed the complaint.

The plaintiffs appealed upon exceptions, assigning error on the part of the Circuit Judge as follows:

"1. In his conclusion that the summons and complaint in the proceedings in the case of Kennedy *v*. Kennedy, under which the land in question was authorized to be sold to Mary B. Chestnut, were properly served on the minor defendants herein; in holding that said minors were properly before the Court and precluded by the judgment herein. Whereas, the proof of service in the records of said case shows that no parent or guardian of said minors had been served, or fails to show such service.

"2. In holding that the minors in said case of Kennedy *v*. Kennedy, plaintiffs and defendants in this case, are precluded by presumptions arising from lapse of time, or by any other presumption, from impeaching the record in said case, or the title of Williams claimed to be derived thereunder, as the period of minority of said minors should count against them, and any presumption of regularity should not be held conclusive against them.

"3. In holding that no advantage had been taken of the minors in said case of Kennedy *v*. Kennedy, inasmuch as it

appears that no adequate security for the funds of the minors therein was provided.

"4. In his construction of the order appointing A. M. Kennedy trustee, as not requiring him to give any bonds as trustee; whereas, such order should be construed in connection with the preceding decree in the case of Kennedy *v.* Kennedy, and as requiring a bond.

"5. In holding that the evidence adduced 'does not show conclusively that no bond was ever given,' for by so holding he requires conclusive proof, a higher degree than the law requires in civil actions, and a more exacting amount of proof than was incumbent on the plaintiffs in this action.

"6. In holding that the payment of the purchase money of the land 'to a person not authorized to receive it,' would not effect the title to the land conveyed in the case of Kennedy *v.* Kennedy.

"7. In holding that all the payments of the purchase money were made to A. M. Kennedy, trustee, in face of the recital in the deed of Shiver to M. B. Chestnut, that the cash portion was paid to the clerk of the Court, a person other than A. M. Kennedy."

The Circuit Judge states that the plaintiffs assailed the title of the defendant, Williams, on two grounds, the first of which is as follows: "That the Court did not have jurisdiction of the persons of the minor defendants, in the case of John D. Kennedy and wife against Ann C. Kennedy *et al.,* in this, that the Code required that the summons should be served not only on the minor, but also on the father, mother or guardian of the minor, and that the record in said case does not show affirmatively that such father, mother or guardian was served." In disposing of this question, his Honor says: "This question calls for an extremely technical construction of the statute to invalidate a title made under order of this Court twenty-eight years ago. There is no doubt that the minors were before the Court, their father and mother were both before the Court as plaintiffs in the action, a guardian *ad litem* was ap--

pointed for the minors; the Court acted upon the testimony
submitted to it; there was no surprise or advantage taken of
any one; there was no charge or imputation of fraud, or that
the real estate was sold at less than its full value; it does not
appear affirmatively that there was any defect in the process
by which the Court obtained jurisdiction of the defendants;
it must be presumed, especially after so great a lapse of time,
that all things were done regularly; that the Court inquired
and was satisfied; that everything was done that should have
been done; with all the parties before the Court, if there
were any irregularities in the method of serving papers or
the proof thereof, such should have then been called to the
attention of the Court, so that they might be remedied,
otherwise the judgment of the Court concludes all such
questions.   Great weight is and must be given to judgments
of this Court; all presumptions are in favor of regularity,
and especially must such presumption prevail in the absence
of direct proof invalidating the record after the lapse of so
many years, and after the death of all the principal actors in
the transaction.   I conclude that the summons and com-
plaint in the proceedings under which the land was sold to
Mrs. Mary B. Chestnut were properly served on the minor
defendants, that they were properly before the Court, and
that all parties in interest were and are precluded by the
judgment therein."   The following proof of service is in-
dorsed on the summons: "J. H. Thomas, being duly sworn,
says: that he served the summons in this action on the de-
fendants, Ann C. Kennedy, Sallie D. Kennedy, Elizabeth
McM. Kennedy and Alfred E. Kennedy, by delivering to
them personally and leaving copies of the same at their resi-
dences in Camden, on the 31st day of August, 1872.
Sworn to before me, this 31st day of August, 1872.   J. H.
Thomas.   J. T. Sutherland, T. J."   Section 155 of the
Code provides that the summons shall be served by deliver-
ing a copy thereof as follows: "If against a minor under the
age of fourteen years, to such minor personally, and also to
his father, mother or guardian * * *" The language used

by the Circuit Judge in considering this question is susceptible of being construed, perhaps, as a finding of fact, which could not be reviewed by this Court, as it is a law case, but we prefer to rest our conclusions on other grounds. The object of the Code in requiring services of the summons, both on the minor and on the parent or guardian, is twofold, 1st. To give publicity to the proceedings in the neighborhood of the minor. Personal service of the summons on the minor tends to give notice of his rights to others than those who might be interested in destroying them, and thus cause them to be more carefully guarded. 2d. To give notice to the parent or guardian, in order that they might see that the minor's interests were protected. While it is indispensible that the summons should be served personally on the minor in order to give the Court jurisdiction, this requirement is not so stringent as to service of the summons on the parent or guardian. The service of the summons on the parent or guardian is intended to make them, to that extent, a party to the proceedings. When, however, the parent or guardian is a plaintiff, he thereby becomes a party to the action, and there is no necessity in serving him with a summons which has been issued at his instance. The exceptions raising this question are overruled.

Second. The Circuit Judge says: "Plaintiffs further assail the title of Williams, defendant, on the ground that it does not appear that A. M. Kennedy, appointed trustee by the Court, gave any bond as such trustee, and, therefore, payment of the purchase money to him by Mary B. Chestnut was unwarranted, and does not protect her and her devisee." In disposing of this objection the presiding Judge says: "If this were an action to recover the purchase money of the land as unpaid or paid to a person not authorized to receive it, those questions would more properly arise. I do not see how this can affect the title to the land made and delivered under orders of this Court. My construction of the order appointing A. M. Kennedy trustee, is that it does not require him to give any bond as

such trustee.    But suppose that it did.    While there is evidence that the bond cannot be found now, and some of those who have since held the office of clerk of this Court testify that they never saw or had such bond, this does not show conclusively that no bond was ever given.    Especially is this so after so many years have passed, when all parties acquainted with the facts are dead, when it is admitted that the purchase money has all been paid and A. M. Kennedy, the trustee, lived nearly twenty years after the transaction, and was never, so far as appears, called to account for the funds.    In such a condition of affairs the title to real estate, made under order of this Court, and held for so long a time, cannot be impeached, even if the order appointing the trustee had required him to give bond."    The conveyance of the land to Mrs. Chestnut was made in pursuance of the following orders: "On hearing the report of John Kershaw, Esq., to whom it was referred to take the testimony in this case, and also to report a fit and proper trustee to take charge of the funds to accrue from the sale of the land described, it is ordered, on motion of Messrs. Shannon & Linning, plaintiffs' attorneys, and with consent of Messrs. Leitner & Dunlap, defendants' attorneys, that the premises described in the complaint herein as devised by the late Joseph Cunningham to the plaintiff, Elizabeth C. Kennedy, to wit: (describing land) be conveyed by proper deed in fee simple by C. Shiver, the clerk of this Court, who is hereby appointed special referee for this purpose, to Mrs. Mary B. Chestnut, upon her paying to the trustee, hereinafter named, the sum of $1,000 in cash, and entering into bond to him in condition of $1,000 in two equal annual instalments from date, with interest payable annually from the day when possession of said real estate be delivered, at which time also the said cash shall be paid.    It is further ordered that A. Dalton Kennedy *be and he is hereby appointed* trustee of the said funds, and that he do hold the same, subject to the terms, conditions, limitations and restrictions mentioned in the last will and testament of Joseph Cunningham, deceased;

25—59

and that before entering upon his duties, he do enter into bond to the clerk of this Court in the penalty of $4,000, conditioned for the faithful discharge of the duties of his trust. It is also ordered, that the said trustee, out of said cash portion, do pay the costs of this case and a fee of $100 to plaintiffs' attorneys. Sam. W. Melton. 3d October, 1872. We consent. Shannon & Linning, plaintiffs' attorneys; Leitner & Dunlap, defendants' attorneys" (italics ours).

"It appearing to the satisfaction of the Court that A. D. Kennedy, who *was duly appointed* trustee of the fund to accrue from the sale of the land mentioned and described in the complaint herein, by a former order of this Court, has *declined* the execution of the trust and refuses to qualify as such trustee, and it further appearing from the written testimony that A. M. Kennedy is a fit and proper person to be invested with the duties of said trust. On motion of Shannon & Linning, plaintiffs' attorneys, and with the consent of Messrs. Leitner & Dunlap, defendants' attorneys, it is ordered, that the said A. M. Kennedy *be and he is hereby appointed trustee* aforesaid in the place and stead of the said A. Dalton Kennedy, with the same rights, duties, powers, responsibilities and obligations *as were conferred* upon the trustee *hereinbefore appointed.* Sam. W. Melton, 31st October, 1872. We consent. Leitner & Dunlap, attorneys for defendants."

The language of his Honor, the Circuit Judge, in disposing of this question might also be interpreted as a finding of fact, which this Court is powerless to review; but as there is some doubt upon the point, we will rest our conclusion on other grounds. The first portion of the order dated 3d October, 1872, relates to the appointment of the clerk of Court as special referee for the purpose of conveying the land in the manner therein mentioned, and to the limitation on *his power,* to wit: that he was not to convey the land until the purchase money was paid and secured as therein directed. The second portion of said order has reference to the appointment of the trustee and to the limitation upon his power

to discharge the duties of the trust, to wit: that he was not to enter upon his duties until he had executed the bond therein mentioned.   The order dated 3d October, 1872, was partially construed in the order dated 31st October, 1872, and that construction was binding on all parties to the action.   *Cartin* v. *Ry. Co.*, 43 S. C., 221; *Fraser* v. *Davie*, 15 S. C., 496.   The words which we have italicized show that the Court construed the order as appointing A. D. Kennedy trustee of the fund *at the time the order was filed.* Similar words were used in the order appointing A. M. Kennedy trustee in the place and stead of A. D. Kennedy, "with the same rights, duties, powers, responsibilities and obligations as were conferred upon the trustee hereinbefore appointed."   At the time Mrs. Chestnut paid the cash portion and secured the remainder of the purchase money in compliance with the requirements of the order and received a conveyance of the land, A. M. Kennedy was *then* trustee of said fund under the order as construed by the Court, and the clerk had the power to execute the conveyance.   The exceptions raising this question are overruled.

As we have disposed of the only two grounds upon which the title of Williams was assailed, it is not necessary to consider other questions presented by the exceptions, especially as some of them only involve questions of fact.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE POPE says: I prefer to concur in the result. The parties to this action, by their consent, made the Circuit Judge both Judge and jury, and his findings of fact are not reviewable by this Court.