6598

KAYLOR v. HILLER.

PERSONAL SERVICE OF SUMMONS ON A MINOR in this State living with the plaintiff, without proof of service of the parent, or without reference in proof of service to his absence from the State raises the presumption of jurisdiction of the minor, which cannot be attacked collaterally.

Before MEMMINGER, J., Richland, November, 1906. Affirmed.

Action by Felicita Rosetta Kaylor *et al.* against Louis Paul Hiller. From judgment for defendants, plaintiffs appeal.

*Messrs. DePass & DePass* and *Bellinger & Welch,* for appellants, cite: *Strict construction:* Code of Proc., sec. 155,

sub. 2; 17 S. C., 439; 23 S. C., 187; 24 S. C., 376; 25 S. C., 281; 57 Fed., 966; 86 Ky., 617; 101 Ala., 341; 10 Ency. P. & P., 603-4. *Dual service:* 86 Ky., 617; 80 Ky., 64; 42 Miss., 157; 1 Mass., 131; 62 How., 460; 45 Miss., 67; 33 Neb., 706; 161 Ala., 341. *Affirmative showing:* 97 U. S., 444; 1 Miss., 131; 42 Miss., 157; 54 Miss., 482; 58 Miss., 511; 45 Miss., 67. *Appointment of guardian without such dual service will not confer jurisdiction:* 62 How. P., 460; 32 L. R. A., 674; 25 S. C., 282; 17 S. C., 439. *Actual knowledge by infant of pendency of action will not bind him:* 24 S. C., 377. *Presumption is only indulged in absence of averment in the record:* 18 Wall., 350; 97 U. S., 444; 34 Cal., 391; 59 S. C., 504.

*Messrs. W. S. Monteith* and *Lyles & McMahan,* contra. The latter cite: *Service of minors:* Rev. Stat., 1873, sec. 157; Stat. 1878, 595. *Plaintiff need not be served if minor lives with him:* 59 S. C., 384. *Record shows there was "no father, mother or guardian:"* 61 S. C., 573; 15 Ency., 22-7; 21 Cyc., 13, 14; *and cannot be contradicted:* 47 S. C., 549; 40 S. C., 193, 69. *Facts appearing are in favor of jurisdiction:* 48 S. C., 569; 42 S. C., 511; 59 S. C., 498; 4 Strob. Eq., 80; 16 S. C., 281; 18 S. C., 126; 25 S. C., 275; 56 S. C., 96. *Defects are cured by lapse of 20 years:* 1 Hill Ch., 378; 31 S. C., 112. *Copy complaint need not be served with summons:* Rev. Stats. 1873, sec. 153; Code of Proc., 151; 71 S. C., 21. *Irregularities in dates of service and appointment of guardian do not affect jurisdiction:* 35 S. C., 391; 71 S. C., 21; 56 S. C., 96. *There having been executions in hands of sheriff sale would be referred to that:* 2 Speers, 91; 32 S. C., 270; 34 S. C., 389. *Plaintiffs have no title until conditions expressed in will have been complied with:* 23 S. C., 513; 16 S. C., 548; 31 S. C., 35.

July 17, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action to recover the possession of certain lands described in the complaint.

Lewis H. Trevett died in 1878, leaving a will, whereby he devised his whole estate to his wife during the term of her natural life, and after her death then to be divided into four equal parts, one-fourth of which was settled in trust upon each of his granddaughters, Felicita Embleton and Josephine Embleton.

After Trevett's death, an action was instituted by Louis Paul Hiller, the executor of the will, seeking to marshall the assets and to sell the real estate to pay debts, alleging that the estate was insolvent.

To this action both Felicita and Josephine Embleton were made parties. They were then minors under fourteen years of age. Their mother was dead, but there was testimony that their father then lived in the city of Columbia.

The return of service on the summons was as follows:

"Personally came John McCabe, who being duly sworn, sayeth on oath that he served Louis H. Embleton, George W. Embleton, Felicita Rosetta Embleton and Josephine Embleton, Martha Hiller and Mary Trevett each with copies of this summons personally, and left the same with them.

"John McCabe.

"Sworn to and subscribed before me, July 10, 1878.

"W. S. Monteith, (L. S.)
"Notary Public."

On the 6th of July, 1878, a petition was filed for the appointment of a guardian *ad litem* for said infants, in which it was stated that they had no general or testamentary guardian, and that they resided with L. P. Hiller, the plaintiff in that action.

The present action was commenced in May, 1904, twenty-six years after the land described in the complaint was sold by order of the Court.

After quoting authorities in support of his ruling, his Honor, the presiding Judge, thus stated his reasons for

directing the jury to render a verdict, in favor of the defend-
ant: "This is not a direct action to try to set aside the decree
on the ground of fraud or irregularity in the decree, but it
is for the possession of real estate in which these parties
seek to establish title to real estate as not being bound by this
decree, as not having bound the parties to the action by
reason of alleged irregularity, appearing on the face of the
record.

"Now in this case it appears in the record that the service
was complete, that is complete and proper service, such as is
recognized by the Court as proper service, was made. The
only question upon which that service is sought to be shown
to be improper is, that the absence from the State of South
Carolina of the father does not affirmatively appear on the
record. The record is silent on the point whether the father
was in the State or not. As a complete service is shown in
the absence of the father from the State, and the record
being silent upon the point whether he was absent or not,
and the other facts stated throughout the record tending to
show that the father must have been absent from the State.
I think the law will come in and presume that the father was
absent from the State, and that the service was complete.
It seems to me from these circumstances and the record
before me, that complete service on these minors is shown,
that they were proper parties to the action, that they were
represented before the Court, that the case was carried
through the usual course before the master, who reported
upon it, and a decree rendered, and they are barred from
recovery in this action; therefore, there is nothing to submit
to the jury. The foreman will come forward and write the
verdict, 'We find for the defendant the land in dispute.' "

The record shows that a copy of the summons was served
upon each of the said infants; that they had no general or
testamentary guardians, and resided with L. P. Hiller; and
that he was the plaintiff in that action.

As he was the plaintiff and the infants resided with him,

it was not necessary to serve a copy of the summons on him. *Kennedy* v. *Williams,* 59 S. C., 378, 38 S. E., 8.

If it appeared from the record, that the infants did not have a father or mother, or that neither was in the State, there would have been a complete compliance with the requirements of the section of the Code, regulating the mode of service on infants as it stood in 1878, which is identical with section 155, subdivision 2, of the present Code, which is as follows: "If against a minor under the age of fourteen years, to such minor personally, and also to his father, mother or guardian, or if there be none within the State, then to any person having the care and control of such minor, or with whom he shall reside, or in whose service he shall be employed." But in this case the record is silent as to the alleged jurisdictional defect, upon which the appellants rely.

In *Ex parte Gray,* 48 S. C., 566, 569, 26 S. E., 286, the Court says: "All presumptions must be indulged in favor of the jurisdiction of a Court of general jurisdiction. To avoid such a judgment for want of jurisdiction, the jurisdictional defects must appear affirmatively on the record."

The rule is thus stated in 1 Greenleaf on Ev., section 19: "Conclusive presumptions are also made in favor of judicial proceedings. Thus, the records of a Court of justice are presumed to have been correctly made; a party to the record is presumed to have been interested in the suit; and after verdict it will be presumed that those facts, without proof of which the verdict could not have been found, were proved, though they are not expressly and distinctly alleged in the record; provided it contains terms sufficiently general to comprehend them in fair and reasonable intendment."

In the case of *Clemson College* v. *Pickens,* 47 S. C., 511, 518, Mr. Chief Justice McIver says: "The practical inquiry is whether the record as set forth in the 'case' shows on its face that the Court did not acquire jurisdiction of the person of defendant, and not whether such record is defective, in showing that all of the steps necessary to acquire jurisdic-

tion had been taken." The Court, in the case of *Galpin* v. *Page,* 18 Wall., 350, says: "The presumptions which the law requires in support of the judgment of Superior Courts of general jurisdition only arise with respect to jurisdictional facts, concerning which the record is silent. Presumptions are only indulged to supply the absence of evidence, respecting the facts presumed."

The following language is used in the case of *Hahn* v. *Kelly,* 34 Cal., 391: "Undoubtedly if the record was silent as to what was done in respect to some material matter, we will presume that what ought to have been done was done. If there is no proof of what was done in obtaining service in the record, we will presume that legal service was in fact made." The foregoing language from the last two cases was quoted with approval in the case of *Rice* v. *Bamberg,* 59 S. C., 498, 38 S. E., 209.

The presumption is that those facts existed, without which the Court could not have rendered judgment.

Therefore the jurisdictional defect relied upon by the appellants, to wit: that it does not appear upon the face of the record that the father was absent from the State, cannot be sustained. When it does not so appear it cannot be brought in question collaterally, but the party relying upon the defect must have recourse to a direct proceeding. *Sanders* v. *Price,* 56 S. C., 1, 33 S. E., 731.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.