## 10805

### FLEMING v. CHAPPELL

### (110 S. C. 148)

1. PARTITION—NOT SUBJECT TO COLLATERAL ATTACK BY REASON OF ABSENCE OF ORDER FOR PUBLICATION IN JUDGMENT ROLL.—That an order for publication in a partition proceeding against a minor defendant in another State is not in the judgment roll, where good practice would place it, does not overcome the presumption, in a collateral action, that the Court would not have acted in ordering and confirming a sale and partition without its existence, especially where the record shows personal service in compliance with Code Civ. Proc. 1912, § 188, and appointment and appearance of a guardian ad litem chosen by the minor, in view of Sections 165 and 185.

2. EVIDENCE—EVIDENCE CONTRADICTING RECORD HELD INADMISSIBLE.— In a collateral action attacking proceedings in partition ordering and confirming a sale, evidence of defendant in prior action that he was not served with process was properly excluded, where it contradicted the record.

Before DeVore, J., Greenville, November, 1920.    Affirmed.

Action by Henry Fleming against J. Pickens Chappell. Judgment for defendant and plaintiff appeals.

*Mr. Thomas E. Miller,* for appellant, cites: *Jurisdiction of infant to order sale of land*: 12 R. C. L., 1139; 39 S. E., 755; 88 S. C., 189; 26 S. E., 189; 10 S. E., 262. *Infant received no money from sale and never ratified it*: 7 S. E., 811; 75 S. E., 545; 25 S. E., 198; 68 S. C., 331; 27 S. C., 303; 76 S. C., 570. *Must appear by guardian ad litem*: Sec. 164, Code Proc.; 76 S. C., 432; 75 S. C., 311. *Infant cannot bind himself by acceptance of service*: Sec. 185, Code Proc.; 17 S. C., 435; 23 S. C., 187; 23 S. C., 154; 24 S. C., 373. *Testamentary guardian, if one, is necessary party*: 74 S. C., 70; 74 S. C., 538; 73 S. C., 294. *Strict compliance with formalities of service is necessary*: 23 Cyc., 694; 139 U. S., 137; 9 How., 336; 65 Fed., 705. *Judgment void on its face for want of jurisdiction is a nullity and may be collaterally attacked*: 23 Cyc., 1029; 41 S. C., 14; 2 S. C., 183; 53 S. C., 118; 23 Cyc., 1074; 35 S. C., 94; 37 S. C., 102; Riley Eq., 102. *Burden of proof on purchaser at fraudulent sale of minor's estate*: 10 R. C. L., 898; 4 A. D. R., 1550. *Judicial sale may be collaterally attacked if void*: 1 A. L. R., 1432; 1 Bay, 524. *Duty of guardian ad litem*: 114 S. C., 321; 104 S. E., 325.

*Messrs. Dean, Cothran & Wyche,* for respondent, cite: *Possession necessary to support claim for forcible entry*: 101 S. C., 130; 3 Brev., 413; 87 S. C., 530; 1 Civ. Code 1912, Sec. 4068. *On a collateral attack Court will presume valid service*: 77 S. C., 393. *Presumptions in favor of jurisdiction*: 48 S. C., 566; 59 S. C., 498; 112 S. C., 426; 71 S. C., 17; 51 S. C., 393; 83 S. C., 165; 106 S. C.. 486.

December 20, 1921.

The opinion of the Court was delivered by Mr. Acting Associate Justice James .H. Fowles.

This is an appeal by the plaintiff from a decree which dismissed the complaint, wherein is alleged forcible entry and detainer of a lot in Greenville and also treble damages, under Section 4069 of the Civil Code, Vol. 1, of 1912. A jury trial was waived and the testimony taken in open Court before the Circuit Judge. It shows that the lot was the property of Mahala Latimer and the plaintiff; she owning an undivided one-fourth interest and he three-fourths. In 1911 she commenced partition proceedings for the sale of the land and division of the proceeds between herself and Henry Fleming, who was then 15 years old and not a resident of this State. At a judicial sale in that case the property was purchased by Mahala Latimer's attorney, William G. Sirrine, Esq., and the Master's report shows that she received $290.98 and that Henry Fleming's attorney, A. Blythe, Esq., received $661.30 for him. The sale was ratified and confirmed by order of the Court, and the defendant in the case at bar purchased it from J. C. Millford, to whom W. G. Sirrine conveyed it.

The decree in that case is attacked by the plaintiff in this proceeding, and after hearing the testimony the Circuit Judge holds that—

This action "cannot be sustained without proof of possession by the plaintiff at the time of the forcible ejection or after peaceable possession by the defendant without forcible detention. There is no evidence of either element."

As to the regularity of the partition proceedings it is held that—

"There is enough in the record to sustain the decree against a collateral attack. The rule is that a judgment of a Court of general jurisdiction cannot be collaterally attacked unless it affirmatively appears upon the face of the record that the Court was without jurisdiction either of the

person or subject-matter.   While the record does not contain an order for publication, it does not show that such an order was not passed, and in the protection of the innocent purchasers at a judicial sale the Court, upon a collateral attack, will presume that all that was necessary to validate the service outside the State was done."

Testimony that Henry Fleming and his guardian were never served with the summons and never received any money from the sale of the property was excluded.

The exceptions are many and voluminous and were fervently argued, but they raise two questions only:  First, was there error in holding that this action cannot be maintained in the absence of proof of possession by the plaintiff? and, second, whether or not the record in the case of *Latimer v. Fleming* is now open to collateral attack.   As the second question is to be answered in the negative, the first fades from the case; for, if the plaintiff's action cannot be maintained, the form he chose need not be reviewed.

In 1911 Henry Fleming was a nonresident, and under Section 185 of the Code of Civil Procedure, 1912, it was necessary, in order that the Court acquire jurisdiction of his person, that an order for the publication of the summons be procured.   There is no such order in the judgment roll, but in Section 185, or anywhere else in the statutes, there is no requirement that the order be kept on file in the roll. The fact that it is not now in the roll does not prove that it never existed.   In fact the record shows almost conclusively that there was such an order, where, in the master's report on disbursements, it is shown that he collected $2 for an order and paid two items of money to the newspaper for advertising.   For what order would the master be paid but an order for publication, and why would he pay a newspaper twice in one case unless it was for the publication of the summons and then for the advertisement of the land for sale?   Furthermore, there is in the record the affi-

davit of a Deputy Sheriff of Richmond County, Ga., made
before a Deputy Clerk of the Superior Court, that he served
the summons and complaint on Henry Fleming personally
on February 17, 1911, which is in exact accordance with the
required proof of service under Section 188 of the Code
of Civil Procedure of 1912, and was a proper service of a
minor over 14 years old; and under Section 185 of the same
Code this personal service was "equivalent to publication."
So the record is that an order for publication, though not in
the judgment roll, was amply carried out, probably by publi-
cation, but certainly by personal service on Henry Fleming.

As Fleming was then a boy of 15, it was necessary, under
Section 165 of the Code of Civil Procedure of 1912, that a
guardian ad litem of his own choosing be appointed, and
the record shows that before two witnesses in Augusta,
Ga., on February 22, 1911, five days after the date of the
personal service on him, he signed an appointment as fol-
lows:

"I hereby make choice of my uncle, William W. Cook,
as my guardian, he being so legally appointed under the
terms of my late mother's last will and testament, and I
hereby repeat my choice of him as my guardian to act for
me in any legal action in which I am or should be involved,
whether as plaintiff or defendant."

And on June 11, 1911, after the receipt of a letter from
Mr. Blythe, the attorney for the defendant in the case of
*Latimer v. Fleming,* in which he explained that the money
for the lot was not forthcoming because of a hitch in the
proceedings, and that he as Fleming's guardian would be
made a party, Cook signed a paper as trustee and guardian
for Fleming wherein he authorized Mr. Blythe to accept
service for him of the amended complaint which made
him a party defendant. In the meantime the Judge of
Probate for Greenville County had appointed William W.
Cook as the guardian ad litem for Henry Fleming.

William W. Cook in the case now under review testified that he employed Mr. Blythe to represent Henry Fleming's interests in the Latimer case, and Mr. Blythe served an answer and defended that action to its just conclusion. It resulted in an order for the sale of the property and a division of the proceeds, one-fourth to Mahala Latimer and three-fourths to Henry Fleming. Her money was paid to her personally and Henry Fleming's was paid to his and his guardian's attorney, and, as stated above, the sale and distribution was ratified and confirmed by an order of the Court. The record is nearly perfect.

The fact that the order for publication is not now in the judgment roll, where good practice would place it, does not overcome the presumption that the Court of Common Pleas for Greenville would not have acted without its existence; and that there is such a presumption is elementary. In the case of *Kaylor v. Hiller,* 77 S. C., 393; 58 S. E., 2, this Court quotes with approval its former opinion in *Ex Parte Gray,* 48 S. C., 566; 26 S. E., 786, as follows:

"All presumptions must be indulged in favor of the jurisdiction of a Court of general jurisdiciton. To avoid such a judgment for want of jurisdiction, the jurisdictional defects must appear affirmatively upon the record."

And in that opinion is also quoted from the opinion in the case of *Clemson College v. Pickens,* 42 S. C., 511; 20 S. E., 401, as follows:

"The practical inquiry is whether the record * * * shows on its face that the Court did not acquire jurisdiction of the person of defendant, and not whether such record is defective, in showing that all of the steps necessary to acquire jurisdiction had been taken."

The Supreme Court is now asked to make an exception to this rule when minors' interests are involved, but no good reason appears for such a holding. The Court is as

competent to handle a minor's interests as any other's. And while in the recent case of *McIver v. Thompson,* 117 S C., 75; 108 S. E., 411, it was held that when a purchaser bought land belonging to minors, where the record did not contain an order of confirmation of the sale, and the sale was therefore not the judgment of the Court, he was not an innocent purchaser for value without notice; nevertheless, in this case, where the judicial sale was confirmed by the decree of the Court in 1911, the grantees of the purchaser occupy an impregnable position. To hold otherwise would jeopardize many land titles. Often families get scattered and sell their property through partition proceedings in which there are frequently nonresident defendants. The purchasers of such property have the right to take the Court records at their face value. If the safety of these titles depended upon the preservation in the judgment rolls of orders for publication, practitioners who examine titles would seldom be sure of their grounds and would be forced to advise against the purchase of the partitioned land. There would be for purchasers at the judicial sales, for none but the unsophisticated would pay money for property which could be lost simply because an order for publication got out of place in the Clerk's office.

The record in the case of *Latimer v. Fleming* cannot now be attacked in this proceeding, and it follows that the Circuit Judge was not in error when he excluded the testimony which contradicted that record.

The judgment is affirmed.

MR. CHIEF JUSTICE GARY, MR. ASSOCIATE JUSTICE WATTS, MR. ASSOCIATE JUSTICE FRASER, AND MR. ACTING ASSOCIATE JUSTICE H. N. EDMUNDS concur.